Wu v. Whitaker

BIA
Cheng, IJ
A200 919 291

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of December, two thousand eighteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> SUSAN L. CARNEY,
>> *Circuit Judges.*

_____

CHENG XI WU,
> *Petitioner,*

> v.                                                    17-3639
>                                                       NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Zhiyuan Qian, Esq., Law Office of
                         David Chien, P.C., New York, NY.

FOR RESPONDENT:          Alexander J. Lutz, Trial
                         Attorney, Office of Immigration
                         Litigation; Chad A. Readler,
                         Acting Assistant Attorney General,
                         Civil Division; Jeffery R. Leist,

Senior Litigation Counsel, Office of Immigration Litigation; United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Cheng Xi Wu, a native and citizen of the People's Republic of China, seeks review of an October 13, 2017 decision of the BIA affirming a March 6, 2017 decision of an Immigration Judge ("IJ") denying Wu's motion to reopen. *In re Cheng Xi Wu,* No. A 200 919 291 (B.I.A. Oct. 13, 2017), *aff'g* No. A200 919 291 (Immig. Ct. N.Y. City Mar. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision denying reopening as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). To obtain reopening, a movant must present new, previously unavailable evidence that establishes his prima facie eligibility for the relief

2

sought. *See* 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3); *INS v. Abudu*, 485 U.S. 94, 104 (1988).

Generally, to prevail on an ineffective assistance claim, an alien must substantially comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637-39 (B.I.A. 1988). These include providing an affidavit "detail[ing] the agreement with former counsel," proof that former counsel has been notified of the allegations, and proof of filing a complaint with a disciplinary authority. *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quoting *Esposito v. INS*, 987 F.2d 108, 110 (2d Cir. 1993)). "[A]n alien who has failed to comply substantially with the *Lozada* requirements in h[is] motion to reopen before the BIA forfeits h[is] ineffective assistance of counsel claim in this Court." *Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005).

On appeal, Wu has failed to address the dispositive bases for the agency's denial of his motion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived). Wu does not explain how the evidence that he presented in support of reopening was material and

unavailable at the time of his prior hearing, nor does he challenge the agency's finding that he failed to satisfy the procedural requirements for an ineffective assistance of counsel claim. *See Jian Yun Zheng*, 409 F.3d at 46-47 (holding that our merits review of an ineffective assistance claim is contingent upon petitioner's substantial compliance with the "reasonable requirements" of *Lozada*).  Consequently, he has not demonstrated that the agency abused its discretion in denying reopening, *Ali*, 448 F.3d at 517, and we therefore deny his petition for review.

Although we need not reach his additional arguments, we write briefly to clarify why they also do not provide an adequate basis for granting the petition.

Wu argues that the IJ applied an improper procedural framework in finding that his asylum claim was fraudulent. This argument fails for three reasons.  First, Wu did not raise this issue before the BIA.  *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir. 2007) (explaining that issue exhaustion is mandatory).  Second, Wu's attack on the IJ's order of removal is not properly before us because Wu petitioned for review only of the denial of reopening.  *See*

4

*Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). Third, the IJ did not independently determine that Wu committed fraud: rather, during the agency proceedings, Wu agreed to give up his asylee status and the IJ simply relied on that concession.

Wu also argues that the IJ erred by denying his request for an adjournment. He has not shown, however, that the denial of an adjournment constituted abuse of discretion either in itself or as related to the IJ's denial of reopening. *See Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006) (discussing IJ's broad discretion in ruling on a requested continuance). As noted above, Wu agreed to give up his asylee status, and the record does not establish that he thereafter pursued his adjournment request or that the IJ ever ruled on it. In any event, we identify no abuse of discretion in the BIA's finding that Wu failed to demonstrate prejudice from the absence of an adjournment: Wu points to no evidence that he could have obtained or argument that he could have presented had the adjournment been granted.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

5

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court